# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **AUDY LOPES,** | § | |
| | § | |
|   plaintiff, | § | |
| | § | |
| v. | § | Case: 6:22-cv-653 |
| | § | |
| **NEW REZ LLC dba SHELLPOINT** | § | |
| **MORTGAGE SERVICING,** | § | |
| | § | |
|   defendant. | § | |

## SHELLPOINT'S REMOVAL NOTICE

NewRez LLC dba Shellpoint Mortgage Servicing (**Shellpoint**) removes Audy Lopes' state court action to this court pursuant to 28 USC §§ 1332 and 1441.

## I.   STATEMENT OF THE CASE

1.   On May 31, 2022, Mr. Lopes sued Shellpoint in the 77th district court of Freestone County, Texas in the case styled *Audy Lopes v. New Rez LLC dba Shellpoint Mortgage Servicing* and assigned case CV22124.  (pet., **ex. 1**.)  His claims concern the real property located at 1351 FM 80 North, Streetman, Texas 75859.  (*Id.* at ¶ 4.1, **ex. 1**.)  U.S. Bank purchased the property for $77,339.67 at a foreclosure sale completed July 6, 2021.  (*Id.* at ¶ 4.2, **ex. 1**; trustee's deed, **ex. 6**.)

2.   Mr. Lopes alleges Shellpoint agreed it "would reinstate/modify the prior mortgage loan . . . so that [he] may acquire the . . . property" in January 2022.  (pet. at ¶ 5.2, **ex. 1**.)  He claims Shellpoint told him it would send documents memorializing the agreement.  (*Id.* at ¶ 4.3, **ex. 1**.)  Mr. Lopes contends he never received any documents, and Shellpoint instead told him it was selling the property.  (*Id.* at ¶ 4.4, **ex. 1**.)

3.   Mr. Lopes asserts causes of action for (**1**) fraud, (**2**) promissory estoppel, (**3**) unjust enrichment and (**4**) partial performance.  (*Id.* at ¶¶ 5.1-5.11, **ex. 1**.)   He requests the court

specifically enforce the alleged agreement to reinstate and modify the loan so he can acquire the property.  (*Id.* at ¶ 6.1, **ex. 1**.)  In the alternative, he seeks actual, statutory and exemplary damages, pre- and post-judgment interest, attorneys' fees and court costs.  (*Id.* at ¶ 6.1, **ex. 1**.)

## II.   BASIS FOR DIVERSITY JURISDICTION

4.   Diversity jurisdiction exists because the real parties in interest are completely diverse and the amount in controversy exceeds $75,000.  28 USC § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state." *Id*. at 84.  Only the citizenship of the real parties in interest is considered for diversity jurisdiction purposes.  *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857-58 (5th Cir. 2003).

**A.**   **The parties are citizens of different states.**

5.   Mr. Lopes is a Texas citizen because it is where he is domiciled.  (pet. at ¶ 2.1, **ex. 1**.)  *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007).

6.   Shellpoint is a citizen of Delaware and New York.  Shellpoint is an assumed name of NewRez LLC, a Delaware limited liability company.  The citizenship of a limited liability company is determined by the citizenship of each of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  NewRez LLC has one member: Shellpoint Partners LLC, a Delaware limited liability company.  Shellpoint Partners LLC has two members: (**1**) NRM Acquisition LLC and (**2**) NRM Acquisition II LLC, both of which are Delaware limited liability companies.  They each have just one member: New Residential Mortgage LLC, a Delaware limited liability company.  New Residential Mortgage LLC has one member: New Residential Investment Corp.  New Residential Investment Corp. is a Delaware corporation with its principal place of

business in New York.  A corporation is a citizen both of the state in which it is incorporated and the state in which it maintains its principal place of business.  28 USC § 1332(c).

**B.     The amount in controversy exceeds $75,000.**

7.     When a defendant removes on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in its state court petition.  28 USC § 1446(c)(2).  If the plaintiff does not state the amount of damages it seeks, the burden falls on the defendant to prove the value of the plaintiff's claims.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  In those instances, the removing defendant must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  This requirement can be satisfied if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."  *Id*. (citing *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).

8.     "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."  *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961); *see also Johnson-Williams v. CitiMortgage, Inc.*, No. 3:17-CV-2072-L-BH, 2018 WL 1156100, at *5 (N.D. Tex. Jan. 31, 2018) ("where the plaintiff puts the title to property in dispute, the value of the property is the proper measure of the amount in controversy.")  "In the case of suits seeking to prevent or rescind the foreclosure of property, the Fifth Circuit has held that the amount in controversy is the value of the property that is the object of the litigation."  *Contreras v. SFMC, Inc.*, No. 3:14-CV-2340-B, 2015 WL 71001, at *7 (N.D.

Tex. Jan. 6, 2015) (citing *Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013); *Martinez v. BAC Home Loans Servicing, LP,* 777 F.Supp.2d 1039, 1047-48 (W.D. Tex. 2010)).

9. Mr. Lopes' request the court order Shellpoint to specifically perform the alleged agreement to "reinstate/modify the prior mortgage loan" so he can acquire the property necessarily requires rescinding the July 6, 2021 foreclosure sale at which U.S. Bank purchased the property. (pet. at ¶¶ 5.2, 6.1, **ex. 1**.) *Recio-Garcia v. Ditech Financial LLC* is instructive:

> Recio-Garcia asks the court for return of ownership of the property but to leave the property lien in place. This case is similar to *Martinez* as Recio-Garcia asks this court to remove the title that Ditech holds as the current owner and place legal title in Recio-Garcia. This court finds that such a transfer of property is a request for rescission of the foreclosure because legal title currently remains with Ditech. Therefore, because Recio-Garcia seeks to rescind the foreclosure, the value of the property, $156,096, should govern the amount in controversy.

No. 6:17-cv-00354, 2018 WL 4688815, at *7 (W.D. Tex. May 18, 2018) (internal citations omitted); *see also Waller*, 296 F.2d at 547 ("courts look to the value of the property involved rather than the damages that might be suffered, to determine the jurisdictional amount in suits for . . . specific performance of a contract to convey realty.") (citing *Ebensberger v. Sinclair Refining Co.*, 165 F.2d 803, 805 (5th Cir. 1948)).

10. The object of this litigation–1351 FM 80 North, Streetman, Texas 75859–is valued at $139,756 by the Freestone Central Appraisal District. (Freestone CAD - account details, **ex. 7**.) The $77,339.67 purchase price from the substitute trustee's deed independently satisfies the minimum amount in controversy requirement. (trustee's deed, **ex. 6**.) *See e.g.*, *Barron v. Bank of Am., N.A.*, No. 3:12-CV-3784-O, 2013 WL 944434, at *2 (N.D. Tex. Feb. 12, 2013) ("The Substitute Trustee's Deed . . . establishes that the property was sold on February 7, 2012 for $111,608.79. Also, according to the Dallas County Appraisal District, the property has a current market value of $130,530.00. Both of these amounts exceed the jurisdictional minimum. Federal jurisdiction is thus proper on the basis of diversity of citizenship.") (internal citations omitted)).

### III. PROCEDURAL REQUIREMENTS SATISFIED

11. Removal is timely under 28 USC § 1446(b) because Shellpoint was not formally served with process more than 30 days ago. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (requiring formal service of process to trigger removal deadline).

12. Venue is proper in this court because the United States District Court for the Western District of Texas, Waco Division, embraces the place in which the state court action was pending. 28 USC § 1441(a). Notice has been sent to the state court regarding this removal. Pursuant to 28 USC § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as **exhibits 1-5**.

### V. CONCLUSION

This court may exercise diversity jurisdiction because the parties are completely diverse and, based on Mr. Lopes' claims for relief, the amount in controversy exceeds $75,000.

Date: June 23, 2022                                                             Respectfully submitted,

                                                                                        */s/ Michael J. McKleroy, Jr.*
Michael J. McKleroy, Jr., SBN: 24000095
michael.mckleroy@akerman.com
*Attorney in Charge*
C. Charles Townsend, SBN: 24028053
charles.townsend@akerman.com
Matthew W. Lindsey, SBN: 24071893
matthew.lindsey@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR SHELLPOINT MORTGAGE SERVICING**

## CERTIFICATE OF SERVICE

A true and correct copy of this document was served on June 23, 2022 as follows:

Jason C. Webster
Heidi O. Vicknair
Christian Tovar
The Webster Law Firm
6200 Savoy Drive, Suite 150
Houston, Texas 77036
*Attorneys for plaintiff*
**VIA CM/ECF SYSTEM AND
CERTIFIED MAIL RECEIPT
NO. 9414 7266 9904 2195 7044 32**

          */s/ Matthew W. Lindsey*
          Matthew W. Lindsey